## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TASHICA WILLIAMS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. _____** |
| **PAM II OF COVINGTON, LLC and POST ACUTE MEDICAL, LLC.** | **Jury Trial Demanded** |
| **Defendants.** | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tashica Williams, through her undersigned counsel, brings this action against PAM II of Covington, LLC, and Post Acute Medical, LLC (sometimes collectively referred to as "Defendants"), and respectfully alleges as follows:

### INTRODUCTION

1.      This lawsuit seeks monetary relief and other damages from Defendants for their violations of Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), the Americans with Disabilities Act ("ADA"), and the Louisiana Employment Discrimination Law ("LEDL").   Defendants discriminated against Plaintiff on the basis of her pregnancy and retaliated against her after she complained about the unlawful discrimination.

### THE PARTIES

2.      Plaintiff Tashica Williams (hereinafter "Mrs. Williams" or "Plaintiff") is an individual residing in St. Tammany Parish, Louisiana.

1

3.     Defendant PAM II of Covington, LLC is a foreign limited liability company and may be served through its registered agent for service of process: **Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.**

4.     Defendant Post Acute Medical, LLC is a foreign limited liability company and may be served through its registered agent for service of process: **Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.**

## JURISDICTION AND VENUE

5.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper as one or more of the alleged unlawful employment practices occurred in the State where this District is located.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.     On or about June 16, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

8.     In or around May 2014, Mrs. Williams began working for Defendants as a Staff Nurse.

9.     While employed as a Staff Nurse, Mrs. Williams repeatedly received positive feedback regarding her work ethic and strong job performance.  Because of her strong work performance, Defendants promoted Mrs. Williams to the position of Charge Nurse in or around October/November 2014.

2

10.     After being promoted to Charge Nurse, Mrs. Williams continued to receive positive feedback and accolades because of her strong job performance.  In or around December 2014, Defendants interviewed Mrs. Williams for the position of Assistant Director of Nursing ("ADON") and subsequently offered her the position.

11.     Mrs. Williams accepted the ADON position offered by Defendants and began working in that role on or around January 5, 2015.  After being promoted to the ADON position, Mrs. Williams continued to receive positive feedback and accolades because of her strong job performance.

12.     On or around January 27, 2015, Mrs. Williams advised Amy Adams, Defendants' Director of Nursing, that she was pregnant after a weekly leadership meeting.

13.     Prior to advising Ms. Adams of her pregnancy, Mrs. Williams had never been reprimanded or disciplined for her job performance.  Unfortunately, Defendants' perception of Mrs. Williams dramatically changed after she informed Ms. Adams of her pregnancy.

14.     Just days after Mrs. Williams advised Defendants of her pregnancy, Ms. Adams and Ms. Stephanie Morvant, Defendants' Chief Executive Officer, unexpectedly called her into a meeting for an unexpected "30-day evaluation."  Notably, Mrs. Williams never received a "30-day evaluation" in her two previous positions with Defendants.

15.     During the purported "30-day evaluation" meeting, Ms. Adams and Ms. Morvant made several vague and unsubstantiated criticisms of Mrs. Williams' job performance, including a concern regarding "visibility."  Mrs. Williams was shocked and surprised at receiving these unexpected criticisms since they had not been raised prior to informing Defendants of her pregnancy.

16.     Given the lack of specificity in the "30-day evaluation," Mrs. Williams sent a follow-up email to Ms. Morvant and Ms. Adams to express her concerns regarding the meeting. In that email, Mrs. Williams requested, *inter alia*, that she be provided: (i) a written list of her job responsibilities, and (ii) training on certain areas of the ADON position.  Moreover, Mrs. Williams' email specifically noted that it was her sincere desire to improve any perceived deficiencies with her job performance as ADON.

17.     Notwithstanding Mrs. Williams' requests, she never received any formal training for the ADON position nor did she receive any communications regarding the specific job duties Defendants expected her to perform.

18.     On or around February 27, 2015,  Mrs. Williams again was called into an unexpected meeting with Ms. Morvant, Ms. Adams, and Ms. Vicki Torres, Defendants' Director of Human Resources.  During this meeting, Defendants advised Mrs. Williams she was being terminated from the ADON position.

19.     Although Defendants offered Mrs. Williams a position as a staff nurse, she advised them that she would not be able to work in that position because of complications associated with her pregnancy.  Instead of engaging in the interactive process as required by the PDA and the ADA, Defendants simply terminated Mrs. Williams' employment and stated that she was "not meeting requirements."

20.     Defendants constitute an integrated enterprise, with common management, common ownership or financial control, centralized control of labor relations, and a functional interrelation of operations.

21.     Defendants have the same or similar officers, the same or similar managers and supervisors, and Defendants share common ownership.

22.     Defendants share a centralized source of authority for the development of personnel policies, personnel records, and the screening and testing of job applicants.  The same personnel also make employment decisions for Defendants.

23.     Defendants operate as a single unit, sharing (i) policy manuals, (ii) payroll and insurance programs, (iii) managers and personnel, and (iv) office space, equipment, and storage.

24.     Defendants' actions have been willful and in reckless disregard for the rights of Mrs. Williams, causing her to suffer damages.

## FIRST CAUSE OF ACTION
### (Pregnancy Discrimination – Title VII/PDA)

25.     Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

26.     Defendants have intentionally discriminated against Plaintiff on the basis of her pregnancy as heretofore alleged.

27.     Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## SECOND CAUSE OF ACTION
### (Pregnancy Discrimination – LEDL)

28.     Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

29.     Defendants have intentionally discriminated against Plaintiff on the basis of her pregnancy as heretofore alleged.

30.     Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

### THIRD CAUSE OF ACTION
**(Retaliation – Title VII)**

31.     Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

32.     Plaintiff has been retaliated against in response to her participation in proceedings under Title VII as well as to her opposition of Defendants' practices, which violate Title VII.

33.     Defendants engaged in conduct materially adverse to a reasonable employee, by *inter alia*, (i) terminating Plaintiff's employment; (ii) unfairly criticizing her work performance; and (iii) demoting her and reducing her job responsibilities.

34.     Plaintiff requests that that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful retaliation complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## FOURTH CAUSE OF ACTION
### (Retaliation – LEDL)

35.     Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

36.     Plaintiff has been retaliated against in response to her participation in proceedings under the LEDL as well as to her opposition of Defendants' practices, which violate the LEDL.

37.     Defendants engaged in conduct materially adverse to a reasonable employee as heretofore alleged.

38.     Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful retaliation complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## FIFTH CAUSE OF ACTION
### (ADA – Disability Discrimination/Failure to Accommodate)

39.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

40.     Plaintiff's pregnancy and the complications associated therewith constitute a disability under the ADA, as amended.

41.     Plaintiff was able to perform the essential functions of the ADON position with or without a reasonable accommodation.  Further, Plaintiff was able to perform the functions of the Staff Nurse or Charge Nurse positions with a reasonable accommodation.

42.     Defendants refused to permit Plaintiff to perform the essential functions of her positions and further refused to engage in the interactive process as required by the ADA.

43.     Defendants discriminated against Plaintiff on the basis of her disability as heretofore alleged, refused to honor its obligation to accommodate the same, and then terminated her employment.

44.     Plaintiff requests that she be awarded all available relief including, but not limited to, (i) a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of the United States; (ii) injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, and reinstatement or front pay in lieu thereof; (iii) actual, compensatory and punitive damages; (iv) attorney's fees, expenses, interest, and costs; and (v) all other and further relief as to this Court appears necessary and proper, including but not limited to, equitable relief to compensate Plaintiff.

### SIXTH CAUSE OF ACTION
(LEDL – Disability Discrimination/Failure to Accommodate)

45.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

46.     Plaintiff's pregnancy and the complications associated therewith constitute a disability under the LEDL.

47.     Plaintiff was able to perform the essential functions of the ADON position with or without a reasonable accommodation.  Further, Plaintiff was able to perform the functions of the Staff Nurse or Charge Nurse positions with a reasonable accommodation.

48.     Defendant refused to permit Plaintiff to perform the essential functions of her positions and further refused to engage in the interactive process as required by the LEDL.

49.    Defendant discriminated against Plaintiff on the basis of her disability as heretofore alleged, refused to honor its obligation to accommodate the same, and then terminated her employment.

50.    Plaintiff requests that she be awarded all available relief including, but not limited to, (i) a declaratory judgment that the acts and practices of the Defendant complained of herein are in violations of the laws of the state of Louisiana; (ii) injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, and reinstatement or front pay in lieu thereof; (iii) actual, compensatory and punitive damages; (iv) attorney's fees, expenses, interest, and costs; and (v) all other and further relief as to this Court appears necessary and proper, including but not limited to, equitable relief to compensate Plaintiff.

<u>SEVENTH CAUSE OF ACTION</u>
**(Retaliation – ADA)**

51.    Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

52.    Plaintiff complained about the treatment she was receiving and Defendants' failure to accommodate her disability.

53.    Plaintiff has been retaliated against in response to her participation in proceedings under the ADA as well as to her opposition of Defendants' practices, which violate the ADA.

54.    Defendants engaged in conduct materially adverse to a reasonable employee and took adverse employment actions against Plaintiff as heretofore alleged

55.    Plaintiff requests that she be awarded all available relief including, but not limited to, (i) a declaratory judgment that the acts and practices of Defendants complained of herein are in violations of the laws of the United States; (ii) injunctive relief, an award of lost wages,

including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, and reinstatement or front pay in lieu thereof; (iii) actual, compensatory and punitive damages; (iv) attorney's fees, expenses, interest, and costs; and (v) all other and further relief as to this Court appears necessary and proper, including but not limited to, equitable relief to compensate Plaintiff.

### EIGHTH CAUSE OF ACTION
**(Retaliation – LEDL)**

56.    Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

57.    Plaintiff complained about the treatment she was receiving and Defendants' failure to accommodate her disability.

58.    Plaintiff has been retaliated against in response to her participation in proceedings under the LEDL as well as to her opposition of Defendants' practices, which violate the LEDL.

59.    Defendants engaged in conduct materially adverse to a reasonable employee and took adverse employment actions against Plaintiff as heretofore alleged

60.    Plaintiff requests that he be awarded all available relief including, but not limited to, (i) a declaratory judgment that the acts and practices of Defendants complained of herein are in violations of the laws of the state of Louisiana; (ii) injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, and reinstatement or front pay in lieu thereof; (iii) actual, compensatory and punitive damages; (iv) attorney's fees, expenses, interest, and costs; and (v) all other and further relief as to this Court appears necessary and proper, including but not limited to, equitable relief to compensate Plaintiff.

## DEMAND FOR JURY

61.     Plaintiff hereby demands a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth her Complaint, Plaintiff respectfully requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendants complained of herein are in violations of the laws of the United States and Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination and retaliation complained of herein, reinstatement or front pay in lieu thereof, consequential damages, compensatory and punitive damages, pre-judgment and post-judgment interest, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

Dated: December 31, 2015                    Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  S/ Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorney for Plaintiff*